## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

RAYMOND PATTON, ET AL.              *CIVIL NO. 6:14-0564

VERSUS                                           *MAGISTRATE JUDGE HANNA

WOLVERINE INDUSTRIES,              *BY CONSENT OF THE PARTIES
LLC, ET AL.

## REASONS FOR RULING

Pending before the Court is a Motion for Summary Judgment filed by SHRM

Catering Services, Inc. d/b/a Eurest Support Services ("ESS").  [rec. doc. 56].

Plaintiffs, Raymond and Kristen Patton  (collectively "plaintiffs"), have filed

Opposition [rec. doc. 59], to which ESS has filed a Reply [rec. doc. 64].

A hearing on the Motion was held on January 12, 2016, at which time the Court

denied the Motion.  For the reasons stated on the record at the January 12, 2016 hearing

of the Motion, and for those set forth below, the Motion for Summary Judgment is

**DENIED**.

### *Summary Judgment Standard*

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is

mandated when the movant shows there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law.  *Am. Home Assurance Co. v.*

*United Space Alliance, LLC*, 378 F.3d 482, 486 (5th  Cir. 2004); Fed.R.Civ.P. 56(a);

1

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Insurance Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.  *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Thorson v. Epps,* 701 F.3d 444, 445 (5th Cir. 2012) (citations omitted).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of genuine issue of material fact.  *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.  *Id*. In such case, the non-movant may not rest upon the allegations in his pleadings, but rather must go beyond the pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54 (1986).  All facts and justifiable inferences are construed in the light most favorable to the nonmovant.  *Brumfield*, 551 F.3d at 326 *citing Matsushita Elec. Indus.*

*Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986);  *Thorson,* 701 F.3d at 445.  *See also*

*Eastman Kodak Co. v. Image Technical Servs., Inc*., 504 U.S. 451, 456, 112 S.Ct. 2072,

119 L.Ed.2d 265 (1992).

If the dispositive issue is one on which the nonmoving party will bear the burden

of proof at trial, the moving party may satisfy its burden by pointing out that there is

insufficient proof concerning an essential element of the nonmoving party's claim.

*Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520

F.3d 409, 412 (5th Cir. 2008) *citing Celotex Corp. v. Catrett*, 477 U.S. at 325.  The

motion should be granted if the non-moving party cannot produce sufficient competent

evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*,

431 F.3d 191, 197 (5th Cir. 2005); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190

(5th Cir. 1992); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

However, metaphysical doubt as to the material facts, conclusory allegations,

unsubstantiated assertions and those supported by only a scintilla of evidence are

insufficient.  *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *See also*

*Ragas*, 136 F.3d at 458.

## Law and Analysis

By this action, the plaintiffs seek damages for injuries allegedly suffered by

plaintiff Raymond Patton ("Patton") when, during the course of his employment with

Century Technical Service, LLC, he allegedly slipped and fell on water which had

accumulated on the floor by the door of the living quarters of the platform on which he

was working, which was allegedly owned by Chevron, and located on the Outer

Continental Shelf off the coast of Louisiana. In their amended and original complaints,

the plaintiffs allege that ESS is liable for the damages allegedly suffered by Patton for

negligence "in leaving open the door to the living quarters" and "failing to correct the

hazardous condition, prior to the accident",  and "all other acts of neglect, fault,

ommission or commission which may become apparent through the course of

discovery. . . ." [rec. doc. 14, ¶ 6(a)].

To prevail on a general negligence theory under Louisiana law, the plaintiffs

must prove five separate elements: (1) the defendant had a duty to conform his or her

conduct to a specific standard of care (the duty element); (2) the defendant failed to

conform his or her conduct to the appropriate standard (the breach of duty element); (3)

the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the

cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the

plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual

damages (the damages element). *Mathieu v. Imperial Toy Corporation*, 646 So.2d 318,

322 (La. 1994).  Failure to satisfy any of the elements results in a determination of no

liability. *Bridgefield Casualty Insurance Company v. J.E.S., Inc.*, 2009–0725, 29 So.3d

570, 573 (La. App. 1ˢᵗ Cir. 2009).

In this case, ESS argues that the plaintiffs cannot demonstrate by sufficient competent evidence that its sole employee on the Chevron platform, Walter Robertson, Sr. ("Robertson"), left open the door to the bunk room side of the temporary living quarters where the Wolverine employees slept, so as to permit water to accumulate on the floor.  ESS additionally argues that it had no duty to provide floor mats.  In support, ESS provides deposition testimony of plaintiff  Raymond Patton ("Patton"), Robertson and another employee on the platform, Donald Ray Fonetnot, Jr., in which they confirm that Robertson woke the men up at 5:00 a.m. and did not return until after the alleged accident, thereby allegedly demonstrating that Robertson could not have left the door open, and the deposition testimony of ESS project manager Emile Lemoine, Chevron operations supervisors James A. Parish, Jr. and Michael Anthony Olwell, Jr., and a Chevron "Eastern Shelf paint coordinator" Ron Anthony Cantrelle indicating that ESS provided labor only and not supplies, thereby allegedly demonstrating that ESS did not have a duty to provide floor mats.

In opposition, the plaintiffs argue that Robinson, a cook/galley hand, had an admitted  duty to eliminate hazardous conditions on the platform, including the placing of wet floor signs and mopping up slipping hazards in the living quarters.  The plaintiffs argue that whether that duty was breached is a question of fact for the jury.  In

support, plaintiffs cite the deposition testimony of Robinson and the JSA generated on

March 3, 2012 the date of the alleged accident,  indicating that it was Robinson's duty

to place wet floor signs and mop the living quarters.  They also cite Robinson's

deposition testimony wherein he testifies that it was raining on the day of the accident,

that he knew the floor of the living quarters got wet when it rained, knew that towels

had, on occasion, previously been placed on the floor to soak up water in the area and

knew that his request for Chevron to order floor mats for the area had been denied.  The

plaintiffs additionally cite the deposition testimony of plaintiff Raymond Patton who

testified, contrary to Robinson, that it was raining when Robinson woke the crew at

5:00 a.m.

Although by Reply ESS argues that Robertson did not have a duty to mop the

floor or place wet floor signs unless someone told him the floor was wet, and that he

could not have reasonably anticipated that while it was raining someone would leave

the door to the living quarters open, under the applicable summary judgment standard,

viewed in the light most favorable to the plaintiffs, the evidence presented by the

plaintiffs creates a genuine issue of material fact sufficient for the jury to find

negligence on the part of ESS by "failing to correct the hazardous condition, prior to the

accident."  More specifically, whether or not Robertson, in the exercise of reasonable

care, knew or should have known or anticipated that while it was raining, as a result of

the crew coming in and out of the door, water would accumulate on the living quarters floor , necessitating that Robertson take some corrective action, is a question of material fact which should be resolved by the jury.

Further, in addition to his admitted duties to place wet floor signs and mop up slipping hazards in the living quarters, the Court finds that Robertson had a concomitant duty to inspect the floor for the presence of water, particularly when it is raining.  Moreover, Robertson may not necessarily have to have been told by crew members that water could accumulate on the floor in such weather conditions, thereby triggering his duty to inspect.  The evidence before this Court establishes that after the men finished breakfast, they returned to the living quarters.  The Wolverine employees then left for a safety meeting, while Patton remained in the living quarters for approximately thirty minutes. There is no evidence before this Court that during this time frame, Robertson inspected the floor of the living quarters.  Whether Robertson's inaction was unreasonable under the circumstances, thereby constituting a breach of his duty to inspect, is likewise a question of fact which should be resolved by the jury.

Accordingly, construing all facts and justifiable inferences in the light most favorable to the plaintiffs as mandated under the applicable summary judgment standard, summary judgment cannot properly be granted on the plaintiffs' negligence claim against ESS, and the Motion for Summary Judgment filed by ESS is **DENIED**.

Signed this 13th day of January, 2016, at Lafayette, Louisiana.

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**